# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN V. HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>Respondent. | Case No. 1:17-cv-01688-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 15) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On June 14, 2013, Petitioner was convicted by a jury in the Fresno County Superior Court of two counts of first-degree murder, attempted murder, and assault with a firearm. On July 15, 2013, Petitioner was sentenced to life without the possibility of parole for each murder, life with the possibility of parole for the attempted murder, plus seventy-five years to life for firearms enhancements. (LD[1] 1). On April 28, 2015, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). On July 8, 2015, the California Supreme Court denied the petition for review. (LDs 3, 4).

---

[1] "LD" refers to the documents lodged by Respondent on March 9, 2018 and May 8, 2018. (ECF Nos. 17, 25, 27).

1

On May 26, 2016,[2] Petitioner constructively filed a state petition for writ of habeas corpus in the Fresno County Superior Court, which denied the petition on July 19, 2016. (LDs 5, 6). On June 2, 2016, Petitioner constructively filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on September 7, 2016. (LDs 7, 8).

Meanwhile, on July 5, 2016, Petitioner constructively filed a federal petition for writ of habeas corpus in the United States District Court for the Central District of California that subsequently was transferred to this Court. Hernandez v. Madden, No. 1:16-cv-01011-JLT (E.D. Cal. Oct. 3, 2016), ECF Nos. 1, 4–6.[3] On July 18, 2016, the Court ordered Petitioner to submit an amended petition that would remedy various deficiencies raised by the Court. Id., ECF No. 9. As Petitioner failed to file an amended petition and failed to respond to a subsequent order to show cause, Petitioner's previous federal habeas action was dismissed on October 3, 2016, for failure to obey a court order and for failure to state a cognizable claim. Id., ECF No. 12.

On November 27, 2017, Petitioner constructively filed the instant federal petition for writ of habeas corpus in the United States District Court for the Central District of California. (ECF No. 1). On December 15, 2017, the matter was transferred to this Court. (ECF No. 4, 5). On February 20, 2018, Respondent filed a motion to dismiss the petition as untimely and unexhausted. (ECF No. 15). Petitioner filed an opposition to the motion to dismiss, Respondent filed a reply, and Petitioner filed a supplemental opposition.[4] (ECF Nos. 21, 24, 28).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. AEDPA imposes various requirements on petitions for writ of

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 15 at 2 n.1).

[3] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] The Court notes that Petitioner was not given leave to file a supplemental opposition. However, in the interest of justice, the Court will consider the arguments set forth therein.

2

habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    1. <u>Commencement of Limitation Period</u>

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, the judgment became final on October 6, 2015, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, October 7, 2015, and absent tolling, was set to expire on October 6, 2016. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

2. Previous Federal Habeas Petition

As noted above, Petitioner previously filed a federal habeas petition in this Court challenging the same judgment in Hernandez v. Madden, Case No. 1:16-cv-01011-JLT. The petition was dismissed for failure to state any claims for relief, and Petitioner was granted thirty days to file a first amended petition. As Petitioner failed to file an amended petition and failed to respond to a subsequent order to show cause, Petitioner's previous federal habeas action was dismissed for failure to obey a court order and for failure to state a cognizable claim. (ECF No. 27 at 7–8). Petitioner alleges that he could not file a first amended petition in his earlier federal habeas action because he was placed in administrative segregation on or around June 29, 2016. (ECF No. 21 at 2). To the extent Petitioner seeks to reopen his previous federal habeas proceeding, Petitioner should file the appropriate motion in Hernandez v. Madden, Case No. 1:16-cv-01011-JLT.

3. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

Two hundred thirty-two days elapsed between the date Petitioner's state conviction became final (October 6, 2015) and the date Petitioner filed his first state habeas petition in the Fresno County Superior Court (May 26, 2016). Respondent acknowledges that Petitioner's two state habeas petitions were properly filed. (ECF No. 15 at 3).[5] Accordingly, Petitioner is entitled to statutory tolling for the period the two state habeas petitions were pending (May 26, 2016–September 17, 2016). Although Petitioner previously filed a federal habeas petition, the limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001). Thus, 425 days elapsed between the date Petitioner's second state habeas petition was denied (September 17, 2016) and the date Petitioner filed the instant federal habeas petition (November 27, 2017). This adds up to a total of 657 days.

---

[5] Page numbers refer to the ECF page numbers stamped at the top of the page.

Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

    4. Equitable Tolling

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

Petitioner appears to argue that he is entitled to equitable tolling because for over one year Petitioner, who has limited English ability, was placed in administrative segregation and separated from the inmate who assisted him, and thus, "could not properly file any documents and/or consequently read or write during the over a year period." (ECF No. 21 at 2). Respondent contends "[e]quitable relief is not appropriate because Petitioner's placement in administrative segregation was not a result of circumstances beyond his control, was not extraordinary, and did not make it impossible for him to secure a timely challenge." (ECF No. 24 at 4).

Although the Ninth Circuit previously had stated that a petitioner must show that "extraordinary circumstances ma[de] it impossible to file a petition on time," Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (alteration in original) (quotation marks and citation omitted), after Holland the Ninth Circuit has "applied this 'impossibility' standard leniently, rejecting a literal interpretation," Gibbs v. Legrand, 767 F.3d 879, 888 n.8 (9th Cir. 2014). Accord Fue v. Biter, 842 F.3d 650, 657 (9th Cir. 2016) (en banc) (citation omitted) ("The word 'impossible' crept into our jurisprudence before the Supreme Court's decision in Holland, which stressed 'flexibility' and a disdain for 'mechanical rules.'"). Additionally, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citations and internal quotation marks omitted). "[R]easonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011).

1       The Ninth Circuit has held "that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006). However, "a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." Id. Being in administrative segregation with limited access to the law library itself does not constitute an extraordinary circumstance warranting equitable tolling. Ramirez, 571 F.3d at 998.

      In the instant case, Petitioner states that once he was placed in administrative segregation, Petitioner was separated from the inmate who was assisting him with his legal proceedings and thus, could not timely file a petition. (ECF No. 21 at 2–3). Petitioner contends that he was not able to obtain legal material in his own language or any translation assistance. (ECF No. 28 at 2). However, Petitioner does not allege specific facts regarding what action he took to obtain translation assistance and legal material in his own language or what steps he took to diligently pursue his federal claims during the time he was in administrative segregation and separated from the inmate who was assisting him. It appears from the record before this Court that Petitioner did not file any administrative appeals complaining that he was denied access to the law library or to certified interpreters. (ECF No. 27-5 at 2).

      Based on the foregoing, Petitioner has not established that he is entitled to equitable tolling. Therefore, the instant federal habeas petition was not timely filed, and dismissal is warranted on this ground.

**B. Exhaustion**

      A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before

presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the instant petition, Petitioner appears to raise the following claims: (1) the trial court's improper limitation of defense counsel's cross-examination of police officers regarding the quality of the investigation; and (2) ineffective assistance of counsel. The Court notes that on the habeas form itself, Petitioner only listed one ground for relief regarding the improper limitation of cross-examination and crossed out grounds two through five. (ECF No. 1 at 7–8). However, attached to the habeas form is, *inter alia*, a typed "Petition for Writ of Habeas Corpus; Memorandum of Points and Authorities in Support Thereof," wherein Petitioner raises ineffective assistance of counsel. (ECF No. 1 at 78–94).

Petitioner did not present his ineffective assistance of counsel claim to the California Supreme Court. (LD 3). In the opposition to the motion to dismiss, Petitioner claims that he "filed all documents appropriate," noting the petitions filed in the Fresno County Superior Court and the California Fifth Appellate District. (ECF No. 21 at 6). However, as Petitioner has not sought relief in the California Supreme Court, this Court cannot proceed to the merits of the ineffective assistance of counsel claim. 28 U.S.C. § 2254(b)(1). Accordingly, dismissal also is warranted on this ground.[6]

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 15) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

---

[6] To the extent Petitioner seeks a stay of the proceeding in order to exhaust state court remedies, the undersigned finds that a stay would be inappropriate in light of the petition's untimeliness.

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 19, 2018**

UNITED STATES MAGISTRATE JUDGE